[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14656
Non-Argument Calendar
_____

BIA No. A97-660-767

DIAN CHUN JIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 27, 2007)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of China, who attempted to enter the United States through the Miami International Airport on October 31, 2003 without valid entry documents. He was promptly interviewed by an immigration inspector and referred to an asylum officer for a credible fear interview after he told the inspector that he feared persecution if returned to China. On November 3, 2003, after the credible fear interview had been held, a Notice to Appear issued charging Petitioner with removability pursuant to the Immigration and Naturalization Act (INA). The asylum officer then referred Petitioner's asylum claim to an immigration judge (IJ).

On December 17, 2004, following an evidentiary hearing at which Petitioner, who was represented by counsel, testified, the IJ found him removable as charged and denied his application for asylum. The IJ also denied Petitioner withholding of removal under the INA, and relief under the U.N. Convention Against Torture. The IJ denied Petitioner's application for asylum (and the other relief) on the ground that his testimony about having been persecuted by the Chinese government for practicing Falun Gong, and his fear of such persecution if returned to China, was not credible. The IJ therefore ordered Petitioner's removal.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed the decision on June 23, 2006 without opinion.

Petitioner now seeks review of the BIA's decision to the extent that it affirmed the IJ's denial of asylum.

At his asylum hearing, Petitioner testified that his parents had long practiced Falun Gong at their residence – always behind closed doors – and that he had joined them in the practice in 2002, for his health, which had always been poor. In July 2002, the police came to the residence and demanded that he cease practicing Falun Gong. He and his parents then left their home and went into hiding. While they were in hiding, their residence was sealed and summons for their arrest were issued. The IJ found problematic and inconsistent Petitioner's testimony regarding his parent's and his practice of Falun Gong and his statements about when they went into hiding, when he discovered that the family residence had been sealed, and when the summons for their arrest had issued.

In his petition to us, Petitioner argues that substantial evidence does not support the IJ's adverse credibility determination because he testified with great specificity and detail about the relevant events in China. He also contends that the IJ, in rejecting his credibility, indulged in speculation and improperly relied on several inconsistent statements he made during his credible fear interview at the Miami airport.

We "review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

3

2001). In this case, the BIA adopted the IJ's opinion and findings; hence, we review the IJ's decision as well. Id. The IJ's findings of fact are reviewed under the "highly deferential substantial evidence test," which requires that we "view the record in the light most favorable to the [IJ's] decision and draw all inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005). We may disregard an IJ's findings of fact only when the record compels us to do so; thus, "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (internal citations and quotations omitted).

> Asylum relief requires proof of two criteria. To establish asylum based on past persecution, the applicant must prove (1) that [] he was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground.

Id. (citations omitted). "The asylum applicant must establish eligibility for asylum by offering 'credible, direct, and specific evidence.'" Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citation omitted). If credible, an applicant's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility from removal. Id. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum

4

application." Id. (internal citation omitted). Once the IJ has made the adverse finding, the applicant then has the burden to show that the IJ's credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. Chen v. U.S. Atty. Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

Here, the IJ provided specific, cogent reasons for his adverse credibility determination, pointing to inconsistencies and discrepancies in Petitioner's testimony at the asylum hearing and in the statements he made during his credible fear interview. Substantial evidence therefore supports the decision at hand.

**PETITION DENIED.**